Filed 7/14/25  P. v. Valenzuela CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083298 |
| v. | (Super.Ct.No. INF1200458) |
| RICHARD ANDREW VALENZUELA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Richard Andrew Valenzuela appeals from a postjudgment order finding him ineligible for resentencing under Penal Code[1] section 1172.75. He argues the trial court erred in denying him a full resentencing under section 1172.75. We agree and reverse.

## PROCEDURAL BACKGROUND

On April 16, 2014, a jury found defendant guilty of assault with a deadly weapon (§ 245, subd. (a)(2)), counts 2 and 9), willful discharge of a firearm in a grossly negligent manner (§ 246.3, count 3), burglary (§ 459, count 4), witness intimidation (§ 136.1, subd. (b)(2), counts 5 and 10), brandishing a deadly weapon (§ 417, subd. (a)(1), count 7), and discharging a firearm at an inhabited dwelling (§ 246, count 8). The jury also found true various firearm enhancement allegations. In a bifurcated trial, the court found true the allegations that defendant had three prior serious felonies (§ 667, subd. (a)), three prior strike convictions (§§ 667, subds. (c)&(e)(1) and 1170.12, subd. (c)(1)), and one prior prison enhancement (§ 667.5, subd. (b)).

On November 19, 2014, the trial court sentenced defendant to prison for a determinate term of 66 years, and an indeterminate term of 83 years to life. The sentence included a one-year term on the prior prison enhancement, which the court stayed.

Defendant appealed and made several arguments, including that the trial court erred by staying, rather than striking, the one-year sentence for his prison prior (§ 667.5,

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

subd. (b)), since the prior serious felony (§ 667, subd. (a)) and the prison prior (§ 667.5, subd. (b)) were based on the same offense.  This court concluded that the court did not err by staying the sentence on the prison prior, but we vacated the true findings on two of the prior serious felonies and directed the court, on remand, to consider whether to impose the one-year term on the prison prior.  (*People v. Valenzuela* (July 11, 2016, E062651) [nonpub. opn.].)

The trial court resentenced defendant on November 10, 2016.  The court chose to impose the prior prison enhancement and then strike the punishment pursuant to section 1385, subdivision (c)(1).  The new total term the court imposed was 75 years to life plus 36 years.  The amended abstract of judgment continued to show that the time on the prison prior was stayed.

The California Department of Corrections and Rehabilitation (CDCR) subsequently identified defendant as an inmate who was serving a sentence that included a prison prior enhancement under section 667.5, subdivision (b), which might no longer be valid under section 1172.75.[2]

On December 21, 2023, the court held a resentencing hearing.  The parties were present, but there was no court reporter present.  The minute order reflects the following:

---

[2] By order dated August 20, 2024, this court granted defendant's request to augment the record to include a copy of the CDCR list dated June 16, 2022.  Defendant is listed on page 23 of that document.  (See defendant's motion to augment the record filed on August 16, 2024, and attached exhibits.)

"The Court finds that the defendant is not eligible for resentencing under section 1172.75(d) and the Defendant's motion for resentencing is denied."[3]

## DISCUSSION

### Defendant is Entitled to a Full Resentencing Hearing Under Section 1172.75

Defendant argues that he is entitled to a full resentencing under section 1172.75, although his prior prison enhancement was imposed and the punishment was stricken. The People contend that resentencing under section 1172.75 applies only to defendants with a prior prison term enhancement that was imposed and executed. We conclude the court erred in finding defendant ineligible for relief under section 1172.75. Thus, we reverse the denial order and remand for a full resentencing hearing.

A. *Standard of Review*

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) Our fundamental task in construing a statute "is to ascertain the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning." (*People v. Mendoza* (2000) 23 Cal.4th 896, 907.) "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . [Citation.]'" (*Id.* at pp. 907-908.) "We must harmonize 'the various

_____

[3] Although the minute order reflects the court denied defendant's motion, the record does not contain a resentencing motion. Furthermore, as noted, the CDCR included defendant on its list of inmates that fell within the provisions of section 1172.75. Thus, we will assume the matter was properly before the court and that defendant requested a full resentencing.

4

parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.'" (*Id*. at p. 908.)

B. *Relevant Law*

Prior to January 1, 2020, section 667.5, subdivision (b), required a sentencing court to impose a one-year sentencing enhancement "for each prior separate prison term" served by the defendant, unless the defendant remained free of both the commission of an offense resulting in a felony conviction and from prison custody for a period of five years. (Former § 667.5, subd. (b).) This sentencing enhancement is commonly known as a prison prior enhancement.

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) limited a sentencing court's ability to impose a prison prior enhancement only to those cases in which the defendant's past convictions were for certain specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2021, the Legislature approved Senate Bill No. 483 for the stated purpose of "ensur[ing] equal justice and address[ing] systemic racial bias in sentencing" by "retroactively apply[ing] . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for [a] repealed [prison prior] sentence enhancement[]." (Stats. 2021, ch. 728, § 1.) To achieve this objective, Senate Bill No. 483 added section 1171.1 to the Penal Code, a statutory provision that was subsequently renumbered to section 1172.75 without substantive change. (Stats. 2021,

ch. 728, § 3; Stats. 2022, ch. 58, § 12.) For purposes of this opinion, we will refer to this provision as section 1172.75.

Section 1172.75 prescribes the procedure for resentencing affected defendants. Subdivision (a) states, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).) The Secretary of the CDCR and the county correctional administrator must first identify individuals serving terms that include no-longer-valid enhancements and then provide certain information about those individuals to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) Subdivision (c) instructs the court, upon receipt of such information, to "review the judgment and verify that the current judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d), outlines the procedure applicable to the resentencing proceeding. It states that "[r]esentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing . . . shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Subdivision

6

(d) requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) It also directs the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

C. *Defendant is Entitled to a Full Resentencing*

There has been a dispute among the courts of appeal "center[ed] around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non- sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.) The Supreme Court very recently ruled on this issue in *People v. Rhodius* (June 26, 2025, S283169) ___ Cal.5th ___ [2025 Cal. Lexis 3531, *2] (*Rhodius*). It focused on the statutory language and emphasized that section 1172.75, subdivision (a) states that "'[a]*ny* sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any

enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.'" (*Id*. at *15, 17.)  The Supreme Court found it reasonable to conclude that the Legislature intended for section 1172.75 to accomplish its purpose of reducing incarceration "through its full resentencing procedures for defendants whose judgments contain now-invalidated section 667.5(b) enhancements, regardless of whether the enhancements were stayed or executed."  (Id. at *24.)  The Court ultimately held that section 1172.75 "entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, *regardless of whether the enhancement was then executed or instead stayed*."  (*Id.* at *2, italics added.)

In the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense.  Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  (§ 1172.75, subd. (c).)  Applying *Rhodius* here, defendant is entitled to a recall and full resentencing under section 1172.75.  (§ 1172.75, subds. (a) & (c); see *Rhodius, supra*, at *2, 24.)  We recognize the court here struck, rather than stayed, the punishment on the prior prison enhancement.  Nevertheless, since the underlying judgment includes a prior prison term enhancement, we conclude the same reasoning in *Rhodius* applies.  (*People v. Espino* (2024) 104 Cal.App.5th 188, 195-198 (*Espino*), review granted Oct. 23, 2024, S286987.)  As recently held in *Espino*, "section

8

1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*Id.* at p. 193.)

DISPOSITION

The denial order is reversed, and the matter is remanded to the trial court with instructions to recall defendant's sentence and conduct a full resentencing proceeding pursuant to section 1172.75, subdivisions (c) and (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
Acting P. J.

We concur:

RAPHAEL
J.

MENETREZ
J.

9